J-S01004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO J. DADE | : | |
| | : | |
| Appellant | : | No. 363 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0212731-1989

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 11, 2020**

Antonio J. Dade appeals from the January 2, 2019 order dismissing his Post-Conviction Relief Act ("PCRA") petition as untimely.  We affirm.

Following his conviction of first-degree murder, aggravated assault, recklessly endangering another person, and possession of an instrument of crime, Appellant was sentenced on March 5, 1990 to a mandatory term of life imprisonment without possibility of parole ("LWOP").  This Court affirmed his judgment of sentence on direct appeal, and the Supreme Court denied further review.  **Commonwealth v. Dade**, 599 A.2d 699 (Pa.Super. 1991) (unpublished memorandum), *appeal denied*, 605 A.2d 332 (Pa. 1992). Hence, Appellant's judgment of sentence became final in 1992, ninety days

_____

[*] Retired Senior Judge assigned to the Superior Court.

after the Supreme Court denied allowance of appeal, when he did not seek *certiorari* from the United States Supreme Court.

Thereafter, Appellant filed four PCRA petitions, all of which were denied or dismissed, and we affirmed the dispositions on appeal. In this, his fifth PCRA petition, Appellant maintained that his mandatory LWOP exceeded the lawful maximum and sought correction of his sentence. He alleged that although he was twenty years old when he committed the crimes for which he received that sentence, the prohibition in **Miller v. Alabama**, 567 U.S. 460 (2012), against such a sentence for those under the age of eighteen should apply to him.

Appellant conceded that his petition was facially untimely, as it was filed almost twenty-five years after his judgment of sentence became final. However, Appellant invoked the timeliness exception for a newly-recognized constitutional right in 42 Pa.C.S. § 9545(b)(1)(iii), and maintained that he filed his petition within sixty days of the Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), holding the new constitutional right announced in **Miller** to be retroactive. **See** 42 Pa.C.S. § 9545(b)(2).

On September 17, 2018, the PCRA court served Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on timeliness grounds. Appellant filed a timely response in which he advanced arguments in support of the applicability of the newly-recognized constitutional right

exception to the one-year time bar. The PCRA court found the exception inapplicable to Appellant and dismissed his petition as untimely, holding that the ***Miller*** holding was specifically limited to juveniles under the age of eighteen years at the time of the offense who were sentenced to LWOP. ***See*** Rule 907 Notice, 9/17/18, at 1. Since Appellant was over the age of eighteen at the time of the offense, the court found that his sentence was outside the reach of ***Miller***. ***Id***. Thus, the court concluded that Appellant had failed to plead and prove the exception to the one-year time bar of the PCRA for newly-recognized constitutional rights, and that it was without jurisdiction to consider the merits of his claim or offer relief. ***Id***.

After the PCRA court dismissed the petition as untimely, Appellant timely appealed. He presents two issues for our review, the first of which implicates the timeliness of his petition:

I.     Did the PCRA court err in rejecting [Appellant]'s claim that the right established in ***Miller v. Alabama*** applies to [Appellant] who possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court and made retroactive in ***Montgomery***, which met the timeliness exception under Title 42 Pa.C.S.A. 9545(b)(1)(iii).

II.    The [Appellant] asserts that the mandatory life without possibility of parole sentence imposed in the case at bar violates the Eighth Amendment's prohibition against cruel and unusual punishment. Also, that a clear violation of statute 1 Pa.C.S. [§]1901, which states "that a minor is defined as an individual under 21" and the Statutory Construction Act 1 Pa.C.S. [§]1501 which states the same was ignored.

Appellant's brief at 4 (unnecessary capitalization omitted).[1]

The threshold issue before us is whether Appellant pled and offered to prove the applicability of a timeliness exception. The law is well settled that the PCRA's time restrictions are jurisdictional. **See Commonwealth v. Williams**, 105 A.3d 1234, 1239 (Pa. 2014). It is the petitioner's burden to allege and prove that a timeliness exception applies, and unless that burden is met, we cannot consider the merits of his claim. **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013). In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

Appellant contends that his LWOP sentence was held to be unconstitutional in **Miller**. He maintains that although he was twenty years old at that time, he suffered from the same "transient immaturity of youth" as those individuals under the age of eighteen granted sentencing relief in **Miller**, and that he is entitled to similar relief. Appellant's brief at 11.

The argument advanced by Appellant has been addressed and rejected by this Court. In **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016), we held that the **Miller** decision expressly applied to only those defendants who were "under the age of 18 at the time of their crimes.'"

---

[1] The Commonwealth did not file a brief.

*Miller*, *supra* at 465. In *Furgess*, the nineteen-year-old appellant also argued that he possessed the same characteristics of youth as an eighteen year old, and that the *Miller* rationale should apply to him. We recognized, however, that the appellant's argument undercut any contention that he was within the scope of the *Miller* decision, and was an attempt to seek "an extension of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding." *Furgess*, *supra* at 94. We dismissed the notion that persons over the age of eighteen when they committed their crimes could rely upon the expansion of *Miller* to bring themselves within the ambit of the *Miller* decision, or to bring themselves within the time-bar exception in § 9545(b)(1)(iii). *See Commonwealth. v. Cintora*, 69 A.3d 759 (Pa.Super. 2013) (holding that a contention that a newly-recognized constitutional right should be extended to include others does not render a petition seeking such expansion timely pursuant to § 9545(b)(1)(iii)).[2]

For the foregoing reasons, the PCRA court correctly concluded that Appellant had failed to plead and prove that the newly-recognized

---

[2] Appellant asks us to overrule *Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016), and *Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super. 2013). However, those decisions remain binding precedent until they are overruled by an *en banc* panel of this Court, or overturned by our Supreme Court. *See Commonwealth v. Karash*, 175 A.3d 306, 307 (Pa.Super. 2017) ("a panel of this Court cannot overrule the decision by another panel").

constitutional right exception was applicable, and that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20